UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANE DOE,

                         Plaintiff,                    **ORDER**
        -against-                                  CV 20-5997 (GRB)(AYS)

CAMERON MCLELLAN aka MYRON
CAMERON MCLELLAN,

                        Defendant.
------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      The plaintiff initiated this diversity action in federal court on December 9, 2020, alleging that the defendant committed torts against her, including sexual assault. See generally Complaint ("Comp."), Docket Entry ("DE") [1]. Plaintiff's allegations are not taken lightly by this Court. At this time, plaintiff moves to proceed anonymously. Plaintiff's Motion ("Pl.'s Mot."), DE [6].

      Upon consideration of both the public interest in court proceedings and the factors set forth by the Second Circuit to be considered upon such motions, the plaintiff's motion to proceed anonymously is DENIED.

## ANALYSIS

I.    A.    Legal Principles

      "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has articulated the following "non-exhaustive" factors for courts to consider when determining whether a plaintiff may remain anonymous: (1) whether the litigation involves matters that are highly sensitive and personal; (2) whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or, even more

critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. Id. at 189-90.

"[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests[.]" Sealed Plaintiff, 537 F.3d at 190. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Id. at 191 n.4.

B.     The Motion to Proceed Anonymously is Denied

The court will consider the Second Circuit's Sealed Plaintiff factors in the context of plaintiff's motion while bearing in mind that the "common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).

1. Matters of a Highly Sensitive and Personal Nature (Sealed Plaintiff Factor One)

The first Sealed Plaintiff factor seeks to discern "whether the litigation involves matters that are highly sensitive and of a personal nature." Sealed Plaintiff, 537 F.3d at 190. Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature. See North Jersey

Media Group, Inc. v. Doe Nos. 1-5, No. 12-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) (internal quotations omitted). Courts have also indicated that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym. See Doe v. Shakur, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (collecting cases). Further, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." Abdel-Razeq v. Alvarez & Marsal, Inc., 14-5601, 2015 WL 7017431, *3 (S.D.N.Y. Nov. 12, 2015).

Here, plaintiff claims that while intoxicated and unconscious, she was sexually assaulted by the defendant. See Compl. While these allegations are highly personal, they are not sufficient to entitle a plaintiff to proceed under a pseudonym. See Doe v. Shakur, 164 F.R.D. at 361-62.

II. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm (Sealed Plaintiff Factors Two and Three)

The second Sealed Plaintiff factor urges courts to consider "whether identification poses a risk of retaliatory physical or mental harm to the ... party seeing to proceed anonymously ..." Sealed Plaintiff, 537 F.3d at 190. The third Sealed Plaintiff factor assesses "whether identification presents other harms and the likely severity of those harms ..." Id. Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity. See Michael v. Bloomberg L.P., No. 14-2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015). Additionally, prior knowledge of a plaintiff's identity by the defendants weighs against granting a motion to proceed anonymously. See Doe v. United States, No. 16-7256, 2017 WL 2389701 (S.D.N.Y. June 1, 2017). Moreover, some courts have suggested that a plaintiff should submit medical documentation to support the alleged harm they

will suffer if they were not permitted to proceed anonymously. Doe v. New York, 2016 U.S. Dist. LEXIS 1634, at *7 (S.D.N.Y. Feb. 4, 2016).

Here, plaintiff's claims as they relate to the second and third factor consist exclusively of conclusory statements and speculation. See Plaintiff's Affidavit ("Pl.'s Aff.), DE [7]. Plaintiff states that

> [b]y having to use my name in this lawsuit my career prospects will be destroyed and affect my ability to provide financial assistance to my children. In addition, this lawsuit involves issues which are embarrassing and public disclosure of my name will greatly add to the severe emotional distress that I have already suffered as a result of the sexual assault. Given the small size of the town I live in and the industries I work in I am particularly vulnerable to the possible harms of disclosing my name in this lawsuit.

Pl.'s Aff. ¶ 3. Plaintiff submits no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm. Plaintiff simply projects generalized harm, and more is required for her to satisfy her burden. Thus, the second and third factor weigh against granting plaintiff's motion.

### III. Vulnerability and Age of Plaintiff (Sealed Plaintiff Factor Four)

The fourth Sealed Plaintiff factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [her] age." Sealed Plaintiff, 537 F.3d at 190. Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure. See Pl.'s Aff. Hence, the fourth factor does not support plaintiff's request to proceed anonymously.

### IV. Government Action or Private Action (Sealed Plaintiff Factor Five)

The fifth factor looks at "whether the suit ... challeng[es] the actions of the government or that of private parties." Sealed Plaintiff, 537 F.3d at 190. Suits against the government "involve no injury to the Government's reputation." North Jersey, 2012 WL 5899331, at *7. On the other

hand, suits against private parties "may cause damage to their good names and reputations," among other things. Id. Thus, courts are less inclined to allow plaintiffs to proceed anonymously in private party cases. Id.

The defendant in this case is a private party. See Compl. Defendants have a substantial interest in maintaining their good name and reputation, particularly in light of the allegations in plaintiff's Complaint. Therefore, the fifth factor is applicable and weighs in favor of denying anonymity.

V. Scope, Extent, and Possible Mitigation of Prejudice to Defendant (Sealed Plaintiff Factor Six)

Sixth, courts are to analyze prejudice. See Sealed Plaintiff, 537 F.3d at 190. Specifically, "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." Id. Information and allegations that are highly sensitive and of a personal nature can flow both ways. See Anonymous v. Simon, 13-cv-2927 2014 WL 819122, at *2 (S.D.N.Y. March 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.") Further, Courts have identified prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." Delta, 310 F.R.D. at 225 (internal quotations omitted); see also North Jersey, 2012 WL 5899331, at *8. The ultimate question is one of balance, and courts only "allow such an imbalance ... in unique circumstances." See Doe v. Fedcap Rehabilitation Services, Inc., 2018 WL 2021588, at *3 (S.D.N.Y. April 27, 2018).

5

Here, plaintiff claims that the defendant will not suffer any prejudice from Plaintiff proceeding anonymously. Pl.'s Aff. ¶ 5. "Our system of dispute resolution" causes the balance of this factor to weigh in favor of Defendants. Fedcap, 2018 WL 2021588, at *3. Allowing plaintiff to proceed anonymously would disadvantage the defendant at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, defendant would have less leverage in settlement negotiations, and defendants would not be able to fully and adequately cross-examine the plaintiff. For those reasons, the sixth Sealed Plaintiff factor weighs in favor of denying anonymity.

VI. Status of Confidentiality in the Proceedings (Sealed Plaintiff Factor Seven)

The seventh Sealed Plaintiff factor inquires as to the status of a plaintiff's confidentiality thus far in the litigation. See Sealed Plaintiff, 537 F.3d at 190. If a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be permitted to proceed under a pseudonym. Some courts have indicated that if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied. See Doe v. National Conference of Bar Examiners, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017).

Here, it is clear from plaintiff's affidavit that the defendant already knows Plaintiff's identity. Pl.'s Aff. ¶ 5. However, plaintiff claims that the risks of emotional harm and economic harm will increase should the public be made aware of her identity without citing any evidence to support that fear of harm from the general public. Thus, because of the disclosure of plaintiff's identity to defendant, as well as the lack of evidence corroborating the alleged risk of harm and retaliation from the general public, the seventh factor weighs against allowing plaintiff to proceed anonymously.

VII. <u>Public Interest in Litigation Furthered by Disclosure and Nature of the Issues (Sealed Plaintiff Factors Eights and Nine)</u>

Eighth, <u>Sealed Plaintiff</u> directs courts to balance competing interests and determine "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." Sealed Plaintiff, 537 F.3d at 190. Subsequently, the ninth factor suggests that if the issues presented are "purely legal in nature," generally "there is an atypically weak public interest in knowing the litigants' identifies." <u>Id.</u> "Where the litigation involves, not abstract challenges to public policies, but rather ... particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." <u>North Jersey</u>, 2012 WL 5899331, at *8.

Here, there are no abstract questions of law at issue. Rather, plaintiff alleges that she was sexually assaulted. <u>See</u> Compl. These issues are of the type that "further the public's interest in enforcing legal and social norms." <u>North Jersey</u>, 2012 WL 5899331, at *8. Any analysis and litigation in this case will be factual in nature, and the public interest in sexual assault is very high. Thus, due to the nature of the case, the eighth and ninth factor weigh against allowing the plaintiff to proceed anonymously.

VIII. <u>Alternative Mechanisms for Protecting Confidentiality</u>

Finally, in consideration with the previous nine factors, courts are to determine "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff ..." <u>Sealed Plaintiff</u>, 537 F.3d at 190. There are multiple other ways a plaintiff's interests can be protected, including the redaction of documents and sealing. <u>See</u> <u>Doe</u>, 2017 WL 2389701, at *2. Further, Plaintiff could seek a protective order, or the parties could enter a confidentiality agreement. Due

7

to the existence of alternate means of protecting Plaintiff from the alleged future harms, the final factor weighs against allowing plaintiff to proceed anonymously.

## CONCLUSION

Plaintiff's allegations of sexual assault are highly sensitive and of a personal nature. Plaintiff's desire to proceed anonymously is understandable, and that desire is one that unfortunately prevents many victims of sexual violence from sharing their story and seeking justice for the harms inflicted upon them. Although plaintiff's allegations are highly sensitive and of a personal nature, in this case, the Sealed Plaintiff factors either fail to support or weigh against granting plaintiff's motion. Thus, plaintiff has failed to satisfy her burden. For the aforementioned reasons, plaintiff's motion to proceed anonymously is hereby denied. If plaintiff desires to proceed with her lawsuit, she shall file the complaint, containing her identity, within two weeks of the date of this order.

So Ordered

Dated: Central Islip, New York
December 10, 2020

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge